J-S39007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| REBECCA J. TYLER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ZANE M. TYLER, | |
| | No. 835 WDA 2016 |

Appeal from the Order Entered May 19, 2016
In the Court of Common Pleas of McKean County
Civil Division at No(s): 962 C.D. 1995

| | |
|---|---|
| REBECCA J. TYLER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ZANE M. TYLER, | |
| Appellant | No. 876 WDA 2016 |

Appeal from the Order Entered May 19, 2016
In the Court of Common Pleas of McKean County
Civil Division at No(s): 962 C.D. 1995

BEFORE:  BENDER, P.J.E., BOWES, J., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY BOWES, J.:  **FILED SEPTEMBER 01, 2017**

I join the majority's decision to affirm the order awarding Wife the $17,224.17 balance of the amount outlined in the June 1999 qualified domestic relations order ("QDRO") pursuant to a payment plan.  I write separately to clarify that, unless Husband and Wife expressly merged the

* Retired Senior Judge assigned to the Superior Court.

QDRO into their January 1999 divorce decree, Husband's attempt to invoke § 3332 of the Domestic Relations Code as a bar to Wife's petition for relief is misplaced. Stated plainly, 23 Pa.C.S. § 3332 relates specifically to opening or vacating a decree, which neither party sought to achieve herein.

To the extent that the majority memorandum could be read as leaning upon § 3332 as authority for the trial court to grant Wife's request for special relief, filed January 2013, that reliance is defective. Unlike the jurisprudence that flows from 42 Pa.C.S. § 5505, which applies to all trial court orders, § 3332 imposes a time-bar that requires any petitioner seeking to vacate a divorce decree to assert fraud or a fatal defect within five years of the date that the decree is entered. Specifically, the statute provides, "A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree." 23 Pa.C.S. § 3332. While the majority is silent as to the consequences of the five-year requirement herein, it is obvious that the time bar precludes the trial court from invoking § 3332 to modify the QDRO fourteen years after the court entered the divorce decree. Accordingly, to avoid any confusion regarding the basis of our decision to affirm the trial court's modification herein, I would reject Husband's attempt to invoke the time bar under § 3332 explicitly because that provision is inapplicable.

In contrast to the decree-specific provisions of § 3332, this Court's interpretation of § 5505 in **Hayward v. Hayward**, 808 A.2d 232, 235 (Pa.Super. 2002), and **Stockton v. Stockton**, 698 A.2d 1334, 1337 (Pa.Super. 1997), authorizes trial courts to open or vacate QDROs upon, *inter alia*, a showing of a fatal defect apparent on the face of the record. In both of the foregoing cases, we applied § 5505 rather than § 3332 to address belated attempts to modify a QDRO. In **Stockton**, **supra** at 1337-1338, we reasoned, "we find that [42 Pa.C.S. § 5505] applies to a trial court's review of a QDRO. Accordingly, the trial court has broad discretion to modify or rescind a QDRO within thirty days of the entry of the QDRO, but after thirty days the trial court may reconsider a QDRO only if there is a showing of extrinsic fraud or other extraordinary cause." Since § 3332 typically is inapplicable to QDROs, I would rely explicitly upon the ensconced precedents in **Hayward** and **Stockton**, rather than § 3332, to reject Husband's contention that the trial court lacked the authority to modify the QDRO.